IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES E. BALL,<br><br>Plaintiff,<br><br>vs.<br><br>TERRI STEFALO, TOM WILSON, PAUL LUCIER, LYNN FOSTER, KEN MARTHALLER, and SGT. GERNSTEIN,<br><br>Defendants. | CV 14-8-H-DLC<br><br>ORDER |

FILED
SEP 25 2014
Clerk, U.S. District Court
District Of Montana
Missoula

United States Magistrate Judge R. Keith Strong entered his Findings and Recommendation on July 3, 2014, recommending that certain of James E. Ball's ("Ball") claims against Defendants be dismissed. Judge Strong ordered Defendants to answer the other claims. Ball timely objected to the Findings and Recommendation and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Strong's findings and recommendation in full.

-1-

Ball, a state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983. Because Ball moved to proceed in forma pauperis, Judge Strong conducted a preliminary screening of the complaint pursuant to Title 28 U.S.C. § 1915(e)(2). Based upon this preliminary screening, Judge Strong recommends that a number of Ball's claims be dismissed for failure to state a claim upon which relief may be granted.

Ball objects to the following claims being dismissed: (1) denial of access to the courts; (2) threats; and (3) deprivation of procedural due process in connection with Ball's disciplinary hearings and designation as "atypical sexual predator status." Ball does not object to Judge Strong's finding that his claim of denial of property without due process of law be dismissed. Nevertheless, the Court will review this issue *de novo* because there seems to be a typographical error in Judge Strong's Findings and Recommendation with regard to this claim.[1]

**I. Denial of Access to Courts**

Ball objects to the recommendation that his claim for denial of access to the courts be dismissed. Ball alleges that Defendant Marthaller deliberately impeded and hindered his access to the courts by confiscating his self-help litigation

---

[1] In the "Synopsis" and "Analysis" sections of the Findings and Recommendation, Judge Strong recommends dismissing the destruction of property claim. In the "Conclusion," however, Judge Strong orders Defendants to answer this claim.

manual for eight months. This claim fails because Ball does not allege that he was denied the "right to bring to court a grievance that [he] wished to present." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Accordingly, he has not suffered any "actual injury" and he therefore fails to state a claim for denial of access to the courts. *Id.* at 349.

Ball cites *Madewell v. Roberts*, 909 F.2d 1203 (8th Cir. 1990), to support his argument that it was the intent of Defendant Lucier to "punish" Ball for having previously accessed the courts. (Doc. 7 at 10.) *Madewell*, however, addresses a claim of retaliation rather than a claim for denial of access to courts. *Id.* at 1206–1207. Judge Strong ordered Defendants to answer Ball's retaliation claim. Because Ball does not allege that he suffered actual injury, his claim must be dismissed.

**II. Threats**

Ball objects to the recommendation that his claims based on verbal threats be dismissed. Ball alleges that Defendant Lucier threatened him during an encounter in July of 2012. Ball interpreted Defendant Lucier's statements as "death threats." (Doc. 2 at 9.) However, threats of bodily harm do not state a cause of action under section 1983. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, Ball's claim based on threats must be dismissed.

## III. Due Process

Ball's final objection pertains to the recommendation that his claims for denial of due process be dismissed. Ball claims he was denied procedural due process during disciplinary hearings because: (1) he was not allowed to call witnesses; (2) he did not receive assistance in obtaining evidence on his behalf; and (3) the credibility of confidential witnesses against him was not properly evaluated. Under due process analysis, before a court can analyze the procedures used in a disciplinary hearing, the court must first determine whether "a protected liberty interest is at stake." *Brown v. Oregon Dept of Corrections*, 751 F.3d 983, 987 (9th Cir. 2014) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)).

Liberally construed, Ball claims that his being transferred from low security to high security and being given an "atypical sexual predator status" implicate a protected liberty interest.[2] In this context, a protected liberty interest is implicated when the conditions of confinement "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Ball's allegations do not rise to the level of an atypical, significant hardship; therefore, no liberty interest is implicated. *See*

---

[2]As Judge Strong explained, Ball does not clarify what "atypical sexual predator status" entails. Ball alleges only that the result of this status is that he will no longer be considered for certain prison jobs.

*Sandin*, 515 U.S. at 485–488 (finding that 30 days disciplinary segregation does not implicate a protected liberty interest); and *Meachum v. Fano*, 427 U.S. 215, 224–229 (1976) (finding that the transfer of prisoners from one state prison to another does not implicate a protected liberty interest). Since no liberty interest is at stake, the procedural protections provided by the Due Process Clause are not applicable. *Sandin*, 515 U.S. at 487. Therefore, Judge Strong correctly determined that Ball's claimed violations of due process be dismissed.

**IV. Deprivation of Property**

Although Ball does not object to Judge Strong's recommendation that Ball's claims for deprivation of property without due process of law be dismissed, the Court will review this issue *de novo*. Ball alleges that Defendant Marthaller destroyed a box containing his court papers, legal research papers, canteen, address book, and various pictures. An "unauthorized intentional deprivation of property" does not violate due process if the state provides "a meaningful post-deprivation remedy for the loss." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Montana Tort Claims Act provides such a remedy. *Robbins v. South*, 595 F.Supp 785, 790 (D. Mont. 1984) (citing *Parratt v. Taylor*, 451 U.S. 572 (1981), and Mont. Code Ann. §§ 2-9-101 to 2-9-805). Therefore, Judge Strong correctly determined that Ball's claims for deprivation of property without due process must

be dismissed.

There being no clear error in any of the remaining findings and recommendations,

IT IS ORDERED that Judge Strong's Findings and Recommendation (Doc. 6) are ADOPTED IN FULL.

Consistent with this Order, Plaintiff's claims for denial of access to the courts, threats, denial of due process, and violations of the Religious Land Use and Institutionalized Persons Act are DISMISSED.

DATED this 25th day of September 2014.

Dana L. Christensen, Chief Judge
United States District Court